## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**TRISH SANDERS**                                                                                    **PLAINTIFF**

**VS.**                                                                       **CAUSE NO.** 3:21-cv-739-DPJ-FKB

**FREG MOSS CREEK ASSOCIATES, LLP d/b/a**
**THE PARK AT MOSS CREEK APARTMENTS**                          **DEFENDANT**

### NOTICE OF REMOVAL [DOC. 1]

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FREG Moss Creek Associates, LLP, d/b/a The Park at Moss Creek Apartments ("Defendant") hereby gives notice of the removal of the above-captioned action from the First Judicial District of the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. This Court has jurisdiction over this action because there is complete diversity of jurisdiction between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.      FACTS**

1. On October 7, 2021, Plaintiff Trish Sanders filed suit against Defendant in the First Judicial District of the Circuit Court of Hinds County, Mississippi, in the matter of *Trish Sanders v. FREG Moss Creek Associates, LLP, d/b/a The Park at Moss Creek Apartments*, Cause No. 21-631. See Complaint attached as Exhibit "A."

2. Plaintiff claims that she sustained injuries after tripping and falling over a hole on the ground while a visitor on the property of the Defendant. *Id.* at ¶ 5. Plaintiff asserts claims of negligence and premises liability. *Id.* at ¶ 6.

3. According to the Plaintiff, she sustained injuries to her left foot and hip and that as a result, she sustained and will continue to experience, excruciating physical and mental pain, anguish, and discomfort. *Id.* at ¶ 7. Plaintiff's alleges her injuries are permanent and temporary in nature. *Id*. She alleges she has incurred expenses for doctor bills, hospital bills, medical bills, and other necessary medical expenses and that she will continue to incur such expenses in the future. Plaintiff demands judgment from the Defendant for actual, compensatory and other damages. *Id.*

4. Plaintiff is an adult resident citizen of Hinds County, Mississippi. *Id.* at ¶ 1.

5. Defendant is a limited liability partnership organized and existing under the laws of the State of Colorado. See Affidavit of Marc Swerdlow attached as Exhibit "B"; see Mississippi Secretary of State's statement attached as Exhibit "C." Defendant's principal place of business is in Colorado and none of the members of Defendant partnership reside in Mississippi. Exhibit B (Swerdlow affidavit at ¶¶ 3-5).

## II. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER TITLE 28 U.S.C. § 1332(a).

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

A limited partnership has the citizenship of each of its partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). Here, Defendant is limited liability partnership organized and existing under the laws of Colorado with no partners or members residing in Mississippi. Exhibit A (Complaint at ¶ 1); Exhibit B (Swerdlow affidavit at ¶ 4). Forum Management, Inc. Vice President Marc

Swerdlow has attested to the fact that no partners of FREG Moss Creek Associates, LLP reside in or are citizens of Mississippi. *Id.* at ¶ 4. Consequently, Defendant is not a "citizen" of Mississippi.

Inasmuch as complete diversity of citizenship exists between the Plaintiff and the Defendant, the first prong of 28 U.S.C. § 1332(a) is met.

      **B.**      **The Amount in Controversy Requirement Is Satisfied.**

For removal based on diversity jurisdiction, the amount in controversy must exceed the jurisdictional amount of $75,000. 28 U.S.C. § 1332(a). District courts use two methods to determine the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Removal is proper if it is apparent from the face of the complaint that the plaintiff's claims are likely to exceed $75,000. *Id*. Second, where it is not facially apparent by the complaint that the claims are likely to be above $75,000, a removing party may support federal jurisdiction by setting forth the facts that support a finding of the requisite amount. *Id.*; *see also Beichler v. Citigroup, Inc.*, 241 F. Supp. 2d 696, 699 (S.D. Miss. 2003). Removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. 1332(a).[1] In determining the amount in controversy, the court may refer to the types of claims alleged, as well as the nature of the damages sought.

---

[1] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

*Allen,* 63 F.3d at 1336; see also *In Re: Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009) (the amount in controversy can be proven from injuries identified in petition).

> **1.     The factual allegations of the Complaint demonstrate that the amount in controversy exceeds $75,000**.

Although Plaintiff's Complaint does not state the amount in controversy, Plaintiff's factual allegations of her injuries and damages demonstrate that the amount in controversy exceeds the minimum amount for federal jurisdictional. Specifically, Plaintiff alleges she was "severely injured. . . ." Exhibit A (Complaint at ¶ 5).  Plaintiff alleges further that she

> sustained injuries to her left foot and hip. Plaintiff has sustained, and she will continue to experience, excruciating physical and mental pain, anguish, and discomfort. Plaintiff's injuries are permanent and temporary in nature.
>
> 9. As a direct and proximate result of the aforesaid negligence of the Defendant, Plaintiff has incurred expenses for doctor bills, hospital bills, medical bills, and other necessary medical expenses, and she will continue to incur such expenses in the future.

*Id*. at ¶¶ 8-9.

Allegations similar to these have been held to establish, on the face of a complaint, that the amount in controversy exceeds the jurisdictional minimum. In *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000), the plaintiff brought an action against defendant, seeking to recover for injuries she sustained when she slipped and fell in one of defendant's stores. *See Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000), opinion attached as Exhibit "D." The defendant removed the action to federal district court pursuant to diversity jurisdiction. *Gebbia*, 233 F.3d at 881. On appeal of a motion to remand, the United States Court of Appeals for the Fifth Circuit, affirmed the district court's denial of the motion to remand, finding that plaintiff's allegation of damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability

and disfigurement made it facially apparent that plaintiff's claimed damages exceeded $75,000. See also *Wal-Mart Stores, Inc. v. Frierson*, 818 So. 2d 1135, 1144 (Miss. 2002) (slip and fall case in which the jury awarded plaintiff $100,000 for his pain and suffering and medical expenses as plaintiff did not make a loss wages claim.).

The amount in controversy is met because the Plaintiff's request for future medical expenses indicates that the injury is serious enough to continue to require medical treatment indefinitely. Indeed, Plaintiff has demanded past and future expenses for doctor bills, hospital bills, medical bills, and other necessary medical expenses for her permanent, excruciating injuries. Exhibit A (Complaint). Not to be ignored is the fact that Plaintiff describes her injuries as "excruciating physical and mental pain, anguish, and discomfort" which she expects to continue indefinitely. Thus, Plaintiff's allegations indicate ongoing severe physical and mental pain and suffering. See *Reed v. Suffolk Manor Apartments*, 2:19-CV-01413, 2020 WL 4032392, at *2 (W.D. La. June 29, 2020), report and recommendation adopted sub nom. *Reed v. Suffolk Manor Apartment*s, 2:19-CV-01413, 2020 WL 4018660 (W.D. La. July 16, 2020) (amount in controversy satisfied by plaintiff's request for future medical expenses, indicating the injury is likely serious enough to continue to require medical treatment, and allegations of mental injury which "indicated another category of ongoing suffering").

The amount in controversy over the federal jurisdictional limit is demonstrated on the face of Plaintiff's Complaint.

2. **Factually similar cases demonstrate that the amount in controversy exceeds the federal jurisdictional minimum amount.**

A party can satisfy its burden of proof for the existence of federal jurisdiction by also presenting factually similar cases in which jury verdicts significantly exceeded the federal minimum jurisdictional amounts. *Beichler,* 241 F. Supp.2d at 701; *Smith v. Associates Capital*

*Bank,* 1999 U.S. Dist. LEXIS 19633, *6 (N.D. Miss. Dec. 3, 1999)(holding the jurisdictional amount was met when defendants cited two factually similar cases in which jury verdicts significantly exceeded the federal minimum jurisdictional amount).  Moreover, when assessing whether the amount in controversy meets the jurisdiction minimum, this Court has considered and recognized also that "Mississippi's federal courts have held that 'Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.'" *Anazia v. Allstate Prop. and Casualty Ins. Co.*, 2020 WL 1955263, at *2 (S.D. Miss. Apr. 23, 2020) (quoting *Anderson v. Wells Fargo Bank*, Civ. No. 2:15-cv-88, 2015 WL 4775356, at *2 (S.D. Miss. 2015) (quoting *Sun Life Assur. Co. v. Fairly,* 485 F. Supp.2d 731, 735 (S.D. Miss. 2007)) (quoting *Holmes v. Citifinancial Mortgage Co.,* 436 F.Supp. 2d 829, 830–31 (N.D. Miss. 2006)).

Jury verdicts exceeded the jurisdictional minimum in the following similar cases:

a) *Hlywiak v. Grand Casinos of Biloxi*, 2018 WL 7500129 (S.D. Miss. 2018) (in a slip and fall case with injuries to plaintiff's back and hip, jury awarded plaintiff over $300,000 in damages which as reduced due to apportionment of fault to close to $160,000).  See Jury Verdict report attached as Exhibit "E."

b) *Garcia v. Fickling Mgmt. Services*, No.1:15CV00051, 2017 WL 3972074 (S.D. Miss. Jan. 11, 2017) (jury awarded $110,000 in a slip and fall; plaintiff sought awards for pain, suffering, emotional distress, inconvenience, discomfort, impairment, disability and medical expenses, plus amounts for costs and attorney fees). See Jury Verdict report attached as Exhibit "F."

c) *McFarland v. Target Corp.*, 2014 WL 7463359 (Sept. 10, 2014) (Hinds County, Mississippi jury awarded plaintiff $500,000 for injuries after she tripped over an item which had fallen onto the store floor). See Jury Verdict report attached as Exhibit "G."

! d) *Adams v. Grocery Depot*, 2012 WL 4337446 (April 13, 2012) (Adams County, Mississippi jury awarded plaintiff $150,000 in a retail store slip and fall case). See Jury Verdict report attached as Exhibit "H."

As these jury verdicts show similar claims of injuries and damages valued at more than the federal minimum jurisdictional amount, Defendant has met its burden to demonstrate that the jurisdictional minimum amount of Plaintiff's damages is more than $75,000.

In short, considering the nature of the Plaintiff's "severe injuries" and "excruciating physical and mental pain", the permanency of her injuries and the suffering she expects to continue for apparently the foreseeable future, it is more likely than not that the amount-in-controversy is more than $75,000. Thus, the amount-in-controversy requirement for federal jurisdiction is met.

### III.  Stay of Discovery Pending Rule 26(f) Conference

Along with the Complaint, Plaintiff served Defendants with Interrogatories and Requests for Production of Documents, to which Defendants object. *See* Exhibit "I" (Plaintiff's Request for Production, and Interrogatories Propounded to Defendants). With this Notice of Removal and pursuant to Federal Rule of Civil Procedure 26(d), Defendant is *not* required to respond to discovery requests propounded in the State Court Action until and after the Federal Rule of Civil Procedure 26(f) attorney conference.

It is well-settled that once a state court action is removed, it is governed by federal, rather than state, procedure. Fed. R. Civ. P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal"); *Willy v. Coastal Corp.*, 503 U.S. 131, 134 (1992) ("This expansive language creates no exceptions"). Rule 26(d) prohibits "discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). By its express terms, Rule 26(d) bars discovery until after the parties

have conferred about a discovery plan as directed by Rule 26(f). *Id.* Consequently, now that this case is before this federal district Court, Defendant is not required to respond to Plaintiff's discovery requests until and after a Rule 26(f) attorney conference has occurred.

### IV.    Timeliness

Title 28 U.S.C. § 1446(b) provides that a defendant has thirty days from the day a defendant receives a "copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable . . ." This Notice of Removal is timely because it is being filed within thirty days of service of the Complaint on Defendant.

### V.    Notice of Filing

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit thereto, will be filed with the First Judicial District of the Circuit Clerk of Hinds County, Mississippi, as provided by law. Pursuant to 28 U.S.C. 1446(a), Defendants attached as Exhibit "J" a copy of all process, pleadings and orders received by Defendant in this case.

**WHEREFORE PREMISES CONSIDERED**, Defendant respectfully submits this Notice of Removal of the State Court Action to this Court. Defendants request any further relief to which it may be entitled.

Respectfully submitted, this the 16th day of November, 2021.

BY:  *s/ Stephen G. Peresich*
STEPHEN G. PERESICH, MSB #4114
JOHANNA M. MCMULLAN, MAB #9901
PAGE, MANNINO, PERESICH
 & MCDERMOTT, PLLC
759 VIEUX MARCHE MALL
BILOXI, MS 39530
(228) 374-2100/Fax: (228) 432-5539
stephen.peresich@pmp.org
Johanna.mcmullan@pmp.org